UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Tiffany Recinos,

              Plaintiff,

v.

Commissioner of Social Security,

              Defendants.

Case No. 3:23-cv-05183-TLF

ORDER

This matter comes before the Court on the following motions filed by plaintiff: (1) motion to enforce SSI payments and back payments refuting "over asset" assumption (Dkt. 16); (2) motion for court appointed attorney and extension of time to file administrative record (Dkt. 25); (3) motion for joinder of Commissioner Kijakazi (Dkt. 27); (4) motion for joinder of Merrick Garland (Dkt. 28); (5) motion for joinder of Nicholas Brown (Dkt. 29); (6) motion for joinder of Jo Anne Barnhart (Dkt. 30); and (7) motion to strike motion for continuance of administrative record (Dkt. 31). For the following reasons, plaintiff's motions are **denied.**

The Court first directs plaintiff to refrain from excessive filing.

Defendant has 60 days after receiving notice of this action to serve an answer. Rule 4 of the Supplemental Rules for Social Security under 42 U.S.C. § 405(g). Once an answer has been filed and the Court issues a scheduling order, the parties are required to file and serve briefs. Rules 6 – 8 of the Supplemental Rules for Social

ORDER - 1

Security under 42 U.S.C. § 405(g). This case will not be ready for the Court's consideration until after the time to file a reply brief has expired.

Thus, plaintiff's motion to enforce SSI payments and back payments refuting "over asset" assumption is denied as premature. Plaintiff will have the opportunity to file her opening brief *after* defendant files an answer.

Plaintiff also requests court appointed counsel. Dkt. 25. In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate [her] claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing she has an insufficient grasp of her case or the legal issues involved and an inadequate ability to articulate the factual basis of her claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Here, plaintiff simply states that she requests court appointed counsel. Dkt. 25 at 1. Plaintiff provides no reasons explaining why she needs court-appointed counsel. *Id.* The Court notes this case does not involve complex facts or law, and plaintiff has not shown an inability to articulate the factual basis of her claims in a fashion understandable to the Court. *See* Dkt. 8.

Plaintiff has also not shown she is likely to succeed on the merits of her case. As plaintiff has not shown exceptional circumstances exist in this case, plaintiff's motion for

ORDER - 2

court-appointed counsel (Dkt. 25) is denied without prejudice. Plaintiff may re-file this motion at a later date if there are circumstances she believes would meet the requirements, i.e., both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate [her] claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983))..

      Next, plaintiff moved to join several defendants to this matter. Dkts. 27, 28, 29, 30. Plaintiff identified the "Commissioner of Social Security" as the defendant in this matter. Dkt. 8. This is the only proper defendant in an action seeking judicial review of an administrative decision to deny benefits. *See* 20 C.F.R. §422.210(d). Thus, plaintiff's motion to add additional parties to this action is denied.

      Finally, plaintiff filed a motion to strike her request for an extension of time to file the administrative record. Dkt. 31. Plaintiff correctly identifies that her previous motion requesting additional time to file the administrative record was erroneous because it is the *defendant* that is responsible for filing the record. Plaintiff should file a "notice to withdraw" a motion that she has filed, if she wants the Court to remove it from consideration, rather than a motion to strike. The Court denies plaintiff's motion to strike as moot.

      Plaintiff further requests that the "Case Administrator" send her the record via email.

      The Court denies this request. Because plaintiff is registered to receive electronic notice of filings, she will be notified when defendant files their answer and the record will be available to review electronically.

ORDER - 3

Dated this 30th day of March, 2023.

Theresa L. Fricke
United States Magistrate Judge

ORDER - 4