UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Tiffany Recinos,<br><br>                      Plaintiff,<br><br>        v.<br><br>Commissioner of Social Security,<br><br>                      Defendants. | Case No. 3:23-cv-05183-TLF<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DKT. 44) |

This matter comes before the Court on pro se Plaintiff Tiffany Recinos's second motion to appoint counsel. Dkt. 44. Although the noting date has not yet arrived (this matter is noted for May 12, 2023), and counsel for the Commissioner has entered a notice of appearance on April 15, 2023 (Dkt. 41), in the interests of justice the Court will grant the motion.

No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff "may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel for indigent litigants who are proceeding in forma pauperis. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

The Court will appoint counsel only under "exceptional circumstances." *Id.*; accord *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of

exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (internal quotation marks and alterations omitted). These factors must be viewed together before reaching a decision on whether to appoint counsel under § 1915(e)(1). *Id.*

At this early stage, it is unclear whether Recinos would have some likelihood of success on her appeal of the Social Security Administration's decision. On the other hand, the issues she has raised appear to be complex and Recinos has not demonstrated any meaningful ability to articulate her claims pro se. *See* Dkt. 17, Plaintiff's Brief, with attachments; Dkt. 33, Response to Order to Show Cause, with attachments. It also appears she is seeking a Writ of Mandamus against the Social Security Administration. *See* Dkt. 36. A Writ of Mandamus would be an entirely separate lawsuit, and an attorney would be able to advise her on whether that lawsuit would be appropriate. Recinos's filings assert that she has serious medical conditions, and she states the Social Security Administration is seeking from her a repayment of funds – but is also appears she has few resources -- she meets the criteria for proceeding *in forma pauperis*. In one of her more recent filings, she indicates that she is legally blind. Dkt. 47.

The Court finds that Recinos has presented the sort of exceptional circumstances that permit the Court to appoint her an attorney. Her second motion for appointment of counsel, Dkt. 44, is GRANTED.

ORDER GRANTING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL (DKT. 44) - 2

The Clerk shall identify an attorney or law firm from the Court's Pro Bono Panel to represent Plaintiff Recinos in this case. The scope of the engagement will ultimately be between the attorney and the client.

Dated this 8th day of May, 2023.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge