UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Tiffany Recinos,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>Commissioner of Social Security,<br><br>　　　　　　　　Defendants. | Case No. 3:23-cv-05183-TLF<br><br>ORDER |

This matter comes before the Court on the following motions filed by Plaintiff: (1) motion to compel disclosure of legally blind visual acuity per Evergreen Eye Center (Dkt. 47); (2) motion to compel medical documents proving disability status (Dkt. 48); (3) motion blindness back pay to May of 2018 (Dkt. 49); (4) motion for writ of certiorari (Dkt. 50); (5) motion for clarification on the overpayment amounts and a reversal of all overpayment amounts for herself and her minor children (Dkt. 53); (6) motion for FOIA request to release psychological assessment records from SSA for disability reinstatement (Dkt. 54); and (7) second motion for FOIA request to release psychological assessment records from SSA for disability reinstatement (Dkt. 55). For the following reasons, Plaintiff's motions are **denied without prejudice.** If filed in accordance with the Federal Rules of Civil Procedure (Fed. R. Civ. P.), and if such a motion comports with Fed. R. Civ. P. 11(b), Plaintiff may refile these motions at a later date.

ORDER - 1

Defendant has 60 days after receiving notice of this action to serve an answer. Rule 4 of the Supplemental Rules for Social Security under 42 U.S.C. § 405(g). Once an answer has been filed and the Court issues a scheduling order, the parties are required to file and serve briefs. Rules 6 – 8 of the Supplemental Rules for Social Security under 42 U.S.C. § 405(g). This case will not be ready for the Court's consideration on the merits until after the time to file a reply brief has expired. In the future, it is possible the Court may determine that it should hold a status conference, or request a Joint Status Report from the parties, but until the Commissioner has submitted the administrative record and more is known about the nature of the case, Plaintiff's motions are denied as premature. Plaintiff will have the opportunity to file an opening brief *after* defendant files an answer.

Further, the Court, on May 8, 2023, granted Plaintiff's motion for appointment of counsel. Dkt. 52. In that order, the Court directed the Clerk to identify an attorney or law firm from the Pro Bono Panel willing to represent Plaintiff in this case.

A social security disability claimant has a right, conferred by statute, to representation at an ALJ hearing concerning the denial of benefits. *See Roberts v. Commissioner of the Social Sec. Admin.,* 644 F.3d 931, 932-934 (9th Cir. 2011); *Jozefyk v. Berryhill,* 923 F.3d 492, 495-497 (7th Cir. 2019); *Vidal v. Harris,* 637 F.2d 710, 714 (9th Cir. 1981); 42 U.S.C. § 406(c). Because there is no right to counsel in a civil case -- for this Court's review of the ALJ's decision under 42 U.S.C.§ 405, the Court does not have authority to compel counsel to provide representation. *See Mallard v. United States Dist. Court,* 490 U.S. 296, 298-301 (1989) (28 U.S.C. § 1915(e)(1) [previously subsection (d)] does not authorize the Court to coercively appoint counsel).

ORDER - 2

Instead, the Court may only "request" counsel to serve as a pro bono attorney. 28 U.S.C. § 1915(e)(1) ("[t]he court may request an attorney to represent any person unable to afford counsel"); *U.S. v. 30.64 Acres of Land,* 795 F.2d 796, 801 (9th Cir. 1986) (§ 1915(e)(1) [previously subsection (d)] only permits a court to "request" counsel, not to compel representation).

At this time, no attorney has been identified as being willing to accept a pro bono appointment for this case. If an attorney is later identified as willing to accept this case as a pro bono attorney to represent Plaintiff, the Court will notify Plaintiff. If no attorney is identified, the Court will also notify Plaintiff.

Dated this 18th day of May, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER - 3