UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA/ SEATTLE

| | |
|---|---|
| TIFFANY RECINOS,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　Defendant. | Case No. 3:23-cv-05183-TLF<br><br>ORDER ON DEFENDANT'S MOTION TO DISMISS |

…

This matter comes before the Court on defendant's motion to dismiss plaintiff's complaint seeking review of the Commissioner's denial of her application for disability insurance benefits. Dkt.59. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13; Dkt. 26.

For the reasons set forth below, the Court GRANTS defendant's motion to dismiss.

I.　　Background

On March 7, 2023, plaintiff filed a motion to proceed *In forma pauperis* (IFP) and a proposed complaint against the Commissioner of Social Security alleging that she was wrongfully denied supplemental security income ("SSI") and disability insurance

1

1    benefits ("DIB"). Dkt 8. Plaintiff was granted IFP and her complaint was served on

2    defendant. Dkts. 7, 14.

3          Plaintiff, proceeding *pro se* alleges in her complaint that the Commissioner erred

4    in denying her application for SSI and terminating her DIB payments. Dkt 8 at 2. Plaintiff

5    asserts that she is disabled and that she satisfies the requirements for financial

6    assistance from the Social Security Administration ("SSA"). Dkt. 65 at 2. She further

7    attaches letters from the SSA to her complaint, which state that she is responsible for

8    overpaid DIB benefits. Dkt. 8 at 5-15. Documentation filed by plaintiff further shows that

9    in February 2023, plaintiff was informed by the SSA that she no longer qualified to

10    receive DIB benefits, as she had surpassed the substantial work requirement threshold.

11    Dkt. 8 at 4. The documentation shows that she was also informed that, due to

12    erroneous payments from July 2021 onward, she would be required to refund

13    $32,002.50 overpaid to her. *Id*.

14          On May 22, 2023, the Commissioner filed a motion to dismiss based on lack of

15    subject matter jurisdiction pursuant to Federal Rule of Civil Procedure (Fed. R. Civ. P.)

16    12(b)(1), arguing that plaintiff has not exhausted her administrative remedies by

17    appealing her case to an Administrative Law Judge or requesting a review before the

18    Appeals Council. Dkt. 59. Additionally, the Commissioner argues that this case should

19    be dismissed as moot because plaintiff has been granted the benefits that she is

20    seeking. *Id*.

21          The Commissioner provides two sworn affidavits in support of the motion to

22    dismiss, the first from Andre Zante, a Program Expert in the Regional Office of the SSA

23    in Seattle, and the second from Christianne Voegele, Chief of Court Case Preparation

24

25

and Review Branch 1 of the Office of Appellate Operations, Social Security Administration. Dkts. 60, 62. Both individuals state, under oath, they have personal knowledge of the current status of plaintiff's claims. *Id.*

Mr. Zante declares that plaintiff filed a new application for DIB benefits but withdrew the application in favor of an Expedited Reinstatement Request. Dkt 62 at 4. He further declares that the SSA subsequently approved her request for reinstatement of DIB and that her status is currently being processed. Dkt. 62 at 5.

Additionally, he declares that plaintiff's SSI application was initially denied but has been reopened for consideration – excluding the property the Commissioner had initially determined would have placed her above the limit. *Id.* Plaintiff filed a reconsideration request to the SSA, in regard to her overcharge balance, which is pending. *Id.*

Ms. Voegele declares plaintiff has not elevated her claims to the Appeals Council or to an Administrative Law Judge at this time. Dkt. 60-1 at 2, 3.

## II.     Legal Standard

A federal court has an obligation to determine whether the requirements of federal subject matter jurisdiction have been met, even if the parties do not bring this issue to the attention of the court. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

If there is no basis for federal subject matter jurisdiction, the court must dismiss the complaint in its entirety. *Id.* "Lack of federal jurisdiction cannot be waived or be overcome by an agreement of the parties." *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934); *see also, Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) ("the first and fundamental" question that a federal court must ask is whether it

has Article III jurisdiction, and if the court makes a decision in a case where the court lacks jurisdiction "a court [would] act ultra vires").

A challenge to the Court's subject matter jurisdiction is "treated as brought under" Federal Rule of Civil Procedure (FRCP) 12(b)(1). *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 980 (9th Cir. 2007); *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). A motion to dismiss brought under FRCP 12(b)(1) "can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." *Id.* Additionally, district courts may review affidavits to "resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988). The party opposing the motion then must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair*, 880 F.2d at 201.

It is not an abuse of the Court's discretion, therefore, to consider such "extra-pleading material," even when "necessary to resolve factual disputes." *Id.* "[A]ll disputed facts," however, are to be "resolved in favor of the non-moving party." *Costco v. United States*, 248 F.3d 863, 865-66 (9th Cir. 2001); *see also Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1139 (9th Cir. 2004); *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000) (court favorably views facts alleged to support jurisdiction).

### III.   Discussion

a. Administrative Remedies

Defendant asserts that this Court does not have subject matter jurisdiction to hear this case. Dkt. 59 at 1. The Court agrees.

The SSA provides disability benefits under two programs, Title II, 42 U.S.C. § 401 *et seq*., and Title XVI, 42 U.S.C. § 1381 *et seq*. *Smith v. Berryhill*, 139 S.Ct. 1765, 1772 (2019). Title II provides old-age, survivor, and disability benefits to insured individuals. *Id*. "Title XVI provides supplemental social income benefits to financially needy individuals who are aged, blind, or disabled, regardless of their insured status." *Id*. (Internal citations omitted). State agencies, authorized by the Commissioner, make the initial determination as to whether an individual is disabled for the purpose of receiving benefits. *Kildare v. Saenz*, 325 F.3d 1078, 1080 (9th Cir. 2003). 42 U.S.C. § 405(g) establishes the terms of judicial review for Title II and Title XVI, and the regulations for both are equivalent. *Smith*, 139 S.Ct 1765 at 1772.

42 U.S.C. § 405(g), provides that any individual may bring a civil action for judicial review after a "final decision" of the Commissioner of Social Security. "When the SSA denies a claim for disability benefits, a claimant who wishes to contest that decision in federal court must first seek a hearing before an administrative law judge." *Carr v. Saul*, 141 S.Ct. 1352, 1356 (2021).

For this Court to have jurisdiction under this Act, plaintiff must establish that a "final decision" has been rendered by exhausting the administrative remedies afforded to them under the administration scheme of the SSA. *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975).  A "final decision" consists of two elements: first, a non-waivable element that requires a claim for benefits be presented to the SSA; and second, a waivable requirement that the "administrative remedies prescribed by the Secretary be exhausted." *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976). The four steps that an applicant must follow as prescribed by the SSA are as follows: (1) seek an initial

determination regarding eligibility for benefits, (2) seek reconsideration of that decision, (3) request a hearing before an administrative law judge, (4) request for the Appeals Council to review that decision. 20 C.F.R. §§ 416.1400, 404.900.

      Ms. Voegele attests that plaintiff has not requested to have her case heard by an Administrative Law Judge, and has not requested review before the Appeals Council at the time of this action. Dkt. 60-1 at 2-3. As there is no record indicating that the appeals process has been utilized, no "final decision" has been rendered and the Court does not have subject matter jurisdiction. See *Bass v. Social Security Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (claimant's failure to request reconsideration, a hearing before an administrative law judge, or review by the appeals council deprived the district court of jurisdiction).

      Plaintiff has not met her burden of showing that this Court has subject matter jurisdiction. In her response, plaintiff has asserted she is entitled to SSI and DIB payments, but has not provided sufficient evidence that she has exhausted her administrative remedies. *See* Dkt. 61. As there is no indication in plaintiff's response—or in her supplements—that the matter of her DIB or SSI benefits have undergone the requisite appeals process, she has not demonstrated that she has exhausted her administrative remedies.

      There is an exception to this rule if a "colorable constitutional claim of due process violation that implicates a due process right" exists. *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001). However, plaintiff has not provided any evidence that she has requested a hearing with the SSA, or been denied reconsideration, and has thus failed to show that her due process rights were violated. *Bass*, 872 F.2d at 833.

Plaintiff has not shown that a "final decision" has been reached on her claims. Therefore, 42 U.S.C. § 405(g) cannot be used to confer jurisdiction to this Court.

b.   Mootness

Defendant argues that this Court does not have subject matter jurisdiction to hear this case because plaintiff's claims may be moot. The Court agrees.

Federal court jurisdiction is limited only to cases or controversies. *Powell v. McCormack*, 395 U.S. 486, 489 (1969). A federal court does not have jurisdiction to rule on matters that are moot because a live controversy is not present. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992). A case is moot when there is no "present controversy as to which effective relief can be granted." *Ruiz v. City of Santa Maria*, 160 F.3.d 543, 549 (9th Cir. 1998). "To qualify as a case fit for adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (internal quotations omitted).

In this case, Mr. Zante asserts that plaintiff's claim for DIB has been approved and is being processed, her claim for SSI has been reopened and is pending, and that her request for reconsideration regarding her overpayment is also pending. Dkt. 62 at 4. Additionally, plaintiff has submitted confirmation that she has since been informed of her approval for SSI. Dkt. 91 at 2. Because the defendant has shown plaintiff has already been granted the benefits that she was seeking, there is no live controversy for this Court to address.

Plaintiff offers citations to the Revised Code of Washington as rebuttal, but has not provided relevant facts that address the issues raised in defendant's motion to

dismiss. See Dkts 61, 65, 67. To the contrary, plaintiff seems to have provided documentation to the Court that supports defendants claim of mootness. *See* Dkt 53 at 2. Based on this documentation, it appears that plaintiff is aware that her request to have her overpayments reconsidered is pending. Dkt 53 at 2. The documentation also indicates that plaintiff has been further made aware she has been approved for DIB payments and that her children may be eligible as well. Dkt. 58 at 2. Plaintiff has not offered any evidence to indicate that an unfavorable "final decision" has been rendered in regard to her claims. Therefore, it appears that there is no live controversy for the Court to address.

## IV.   Conclusion

For the foregoing reasons, Commissioner's motion is GRANTED, this Court lacks subject matter jurisdiction over this matter. Accordingly, plaintiff's claims are dismissed without prejudice.

Dated this 30th day of June, 2023.

Theresa L. Fricke
United States Magistrate Judge