UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIFFANY RECINOS,<br><br>               Plaintiff,<br><br>       v.<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>               Defendant. | Case No. 3:23-cv-05183-TLF<br><br>ORDER DECLINING TO RECUSE AND REFERRING PLAINTIFF'S MOTION TO RECUSE |

This matter comes before the Court on plaintiff's filing of a 'Motion/Notice for Recusal of Judge TLF Under 28 U.S. Code S 455, WAC 182-526-0245, RCW 3.34.110.' Dkt. 145. Plaintiff argues that the undersigned has shown a lack of impartiality in this matter. *Id*. Pursuant to 28 U.S.C. §§ 144, 455, and United States District Court for the Western District of Washington Local Civil Rule, LCR 3(f), the Court should hold that the undersigned Magistrate Judge is not required to recuse.

The Court notes that the motion is untimely as the Court entered a final judgment granting defendant's motion to dismiss on June 30, 2023. *See* Dkt. 118. While there is no established timeline for filing a motion for recusal, "[i]t is well established that a motion to disqualify or recuse a judge under 28 USC § 144 or § 455 must be made in a timely fashion." *Molina v. Rison*, 886 F.2d 1124, 1131 (9th Cir. 1989). Untimely motions

1

for recusal are disfavored to prevent parties from using recusal motions for strategic purposes. *E.&J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1992) ("to hold otherwise would encourage parties to withhold recusal motions, pending a resolution of their disputes on the merits, and then if necessary invoke section 455 in order to get a second bite at the apple").

A judge of the United States shall disqualify herself from a proceeding in which her impartiality "might reasonably be questioned." 28 U.S.C. § 455(a); *United States v. Carey,* 929 F.3d 1092, 1104 (9th Cir. 2019). In addition, a judge of the United States shall disqualify herself under circumstances where she has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Normally, a judge should not be recused when the only basis for the motion to recuse is that the judge made adverse rulings in the case where the party seeks disqualification of the judge. *Liteky v. U.S.,* 510 U.S. 540, 555 (1994); *In re Marshall,* 721 F.3d 1032, 1041-1045 (9th Cir. 2013).

Pursuant to 28 U.S.C. § 144, a judge shall proceed no further "whenever a party to any proceeding in a district court files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [the filing party] or in favor of any adverse party." In addition, 28 U.S.C. § 455 reiterates the "grounds for recusal set forth in § 144 . . . [and] (1) made them applicable to *all* justices, judges, and magistrates (and not just district judges), and (2) placed the obligation to identify the existence of those grounds upon the judge himself, rather than requiring recusal only in response to a party affidavit." *Liteky,* at 548 (emphasis in original).

Under both §144 and § 455, recusal of a federal judge is appropriate for either actual bias or appearance of bias, if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective test. *Preston v. United States,* 923 F.2d 731, 734 (9th Cir. 1991).

United States District Court for the Western District of Washington Local Civil Rule, LCR 3(f) additionally provides that:

> **(f) Motions to Recuse**
>
> Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily. If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee. If the motion is directed at the chief judge, or if the chief judge or the chief judge's designee is unavailable, the clerk shall refer it to the active judge with the highest seniority.

Courts have held that, generally, personal bias or prejudice under § 144 or § 455 must stem from an extrajudicial source. *Liteky*, 510 U.S. at 544 (1994); *U.S. v. Hernandez*, 109 F.3d 1450, 1454 (9th Cir. 1997). Thus "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" because they cannot show reliance upon an extrajudicial source. *Liteky*, at 555. Further, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

Thus, plaintiff would need to demonstrate bias stemming from an extrajudicial source or a deep-seated favoritism to provide grounds for recusal under § 144 or § 455.

*See U.S. v. Sibla,* 624 F.2d 864, 868-869 (9th Cir. 1980) (court should initially determine whether the facts alleged in the affidavit submitted by the party seeking recusal are legally sufficient to support the motion, and refer the motion to another judge to determine the merits). The two statutes have the same substantive test, but they are not redundant. *Sibla* at 867-868. There are procedures specified for the parties when filing a motion under §144, but no procedures are set forth in § 455 – that provision is self-enforcing for the judge. *Id.*

Plaintiff did not present evidence of any extrajudicial source for the undersigned Magistrate Judge's alleged bias. Nor does plaintiff allege any facts or instances demonstrating a "deep-seated bias" that would make fair judgment impossible. Further, plaintiff makes conclusory allegations, which "are insufficient to support a claim of bias or prejudice such that recusal is required." *U.S. v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995) (internal quotations omitted).

The undersigned has done nothing that would create the appearance of bias, nor does the undersigned have any reason to be partial to one side or the other in this matter. Due process requires that even if a judge has no actual bias, and "would do their very best to weigh the scales of justice equally between contending parties," the judge must also satisfy "the appearance of justice." *In re Murchison,* 349 U.S. 133, 136 (1955), *quoting, Offutt v. United States,* 348 U.S. 11,13 (1954). In this case, a reasonable person with knowledge of all the facts would not conclude that the judge's impartiality might reasonably be questioned. *United States v. Carey,* 929 F.3d at 1104. Considering the objective test, the undersigned finds that Ms. Recinos' motion to recuse

is legally insufficient, and because there is no merit to the motion to recuse, the undersigned declines to recuse herself.

## CONCLUSION

There is no reasonable basis for recusal in this instance. In accordance with LCR 3(f), plaintiff's motion shall be referred to the Chief Judge for a determination of its merits. Accordingly, the undersigned **DECLINES** to recuse voluntarily. Plaintiff's motion for recusal of the undersigned is **REFERRED** to Chief Judge David G. Estudillo for decision and the Clerk of the Court is directed to place the motion for the recusal of the undersigned on Chief Judge Estudillo's motion calendar. The Clerk of the Court shall send a copy of this Order to plaintiff.

Dated this 8th day of August, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge